**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IVAN ASA EAVES, JR.,

                        Petitioner,                    Case Number: 03-CV-72885

v.                                             HON. PAUL D. BORMAN

THOMAS G. PHILLIPS,

                        Respondent.

_____/

**OPINION AND ORDER (1) REOPENING HABEAS CORPUS PROCEEDING,**
**(2) DENYING RESPONDENT'S MOTION TO DISMISS, (3) DENYING PETITION**
**FOR WRIT OF HABEAS CORPUS, AND (4) DECLINING TO ISSUE**
**CERTIFICATE OF APPEALABILITY**

Petitioner Ivan Asa Eaves, Jr., filed a *pro se* petition for a writ of habeas corpus under 28

U.S.C. § 2254.  The Court stayed proceedings in this matter pending the Supreme Court's

decision in *Halbert v. Michigan*.  Ultimately, in *Halbert*, the Supreme Court held that

"the Due Process and Equal Protection Clauses require the appointment of counsel for

defendants, convicted on their pleas, who seek access to first-tier review in the Michigan

Court of Appeals."  545 U.S. 605, 610 (2005).  Following issuance of the *Halbert* decision, the

Court continued to hold this case in abeyance pending the outcome of the Sixth Circuit's

decision in *Simmons v. Kapture*, which was remanded from the United States Supreme Court in

light of its decision in *Halbert*.  The Sixth Circuit Court of Appeals has now issued a decision in

*Simmons,* holding that *Halbert* is not retroactive to cases on collateral review.  516 F.3d 450 (6th

Cir. 2008) (en banc).  Respondent has filed a Motion to Dismiss the petition in light of the

*Simmons* decision.  The Court construes the Motion to Dismiss as also requesting that the Court

first reopen the habeas corpus proceeding.  Given that the Supreme Court's decision in *Halbert*

and the Sixth Circuit's decision in *Simmons* have been issued, the Court grants the request to

reopen proceedings.  Respondent argues that the petition should be dismissed because, in

*Simmons*, the Court held that *Halbert* is not retroactive to cases on collateral review and,

therefore, does not provide Petitioner any relief.  This argument is correct; however, Petitioner

presents claims in addition to his *Halbert*-related claim. Therefore, the Court will deny the

request for dismissal on this basis and proceed to address the merits of the petition.

## I. BACKGROUND

On April 25, 2001, following two days of a jury trial, Petitioner pleaded guilty in

Saginaw County Circuit Court to first-degree home invasion, receiving and concealing a stolen

firearm, receiving and concealing stolen property over $1,000 but less than $20,000, and

possession of a firearm while committing a felony.  He was sentenced to three to twenty years

imprisonment for the home invasion conviction, fifteen months to ten years imprisonment for the

receiving and concealing a stolen firearm conviction, three to five years imprisonment for the

receiving and concealing stolen property over $1,000 conviction; the foregoing to be served

concurrently with one another and consecutively to a term of two years imprisonment for the

felony-firearm conviction.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals,

presenting the following claims:

      I.      Conspiracy

      II.     Ineffective assistance of counsel

      III.    Illegal search and seizure

IV.      The mail issue

V.       Abuse of discretion

The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Eaves, Jr.*, No. 241418 (Mich. Ct. App. Dec. 16, 2002).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court presenting the same claims presented on direct review. The Michigan Supreme Court denied leave to appeal. *People v. Eaves, Jr.*, No. 123188 (Mich. June 30, 2003).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

I.       As a result of ineffective assistance of counsel, the defendant's First, Fifth, Sixth and Fourteenth Amendment rights were violated, resulting in a denial of due process of the law and equal protection of the law.

II.A.    As a result of counsel entering into a conspiracy with the 10th Circuit Court, the defendant was denied his First, Sixth and Fourteenth Amendment rights.

II.B.    As a result of sentencing violation, defendant's First, Eighth, and Fourteenth Amendment rights were violated.

## II. STANDARD OF REVIEW

Section 2254(d) of Title 28 U.S.C., imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)      resulted in a decision that was based on an unreasonable

3

> determination of the facts in light of the evidence presented in the
> State court proceedings.

28 U.S.C. § 2254(d).  Additionally, this Court must presume the correctness of state court factual

determinations.  28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or if the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable

application occurs" when "a state-court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case."  *Id.* at 409.  A federal habeas court may not "issue the

writ simply because that court concludes in its independent judgment that the relevant state-court

decision applied clearly established federal law erroneously or incorrectly.  Rather, that

application must also be unreasonable."  *Id.* at 410-11.

## III. ANALYSIS

In his first two claims for habeas corpus relief, Petitioner argues that he received

ineffective assistance of counsel.  His claims are somewhat confused, but he appears to be

arguing that his attorney was ineffective in failing to pursue an illegal search and seizure claim,

failing to adequately pursue his defense, and entering into a conspiracy with the trial court to

convict Petitioner.

Generally, to prevail on an ineffective assistance of counsel claim on habeas review, a

petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of

reasonableness," and (2) that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different."  *Strickland v.*

4

*Washington*, 466 U.S. 668, 687-88 (1984).

The two-part *Strickland* test applies to claims of ineffective assistance of counsel based upon counsel's conduct prior to the entry of a plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In the context of guilty pleas, the first half of the *Strickland* test is the same standard set forth above. *Id.* The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*

Petitioner's claims of ineffective assistance of counsel are conclusory and unsupported by the record. He argues that his attorney conspired with the trial court to convict him but makes no particular allegation in support of this claim. He argues that his attorney failed to raise a Fourth Amendment claim. In fact, the state court record shows that counsel filed a motion to suppress based upon a claimed Fourth Amendment violation. In addition, a review of the trial transcript shows that defense counsel thoroughly cross-examined prosecution witnesses. Thus, Petitioner fails to show that his attorney's conduct fell outside the wide range or professionally competent assistance, nor does he establish a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty.

Petitioner also claims that he was denied his right to counsel when appellate counsel was not appointed to represent him on direct appeal. As discussed above, in *Halbert*, 545 U.S. at 610, the Supreme Court held that the "Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier

review in the Michigan Court of Appeals."  However, *Halbert* is not retroactive to cases on

collateral review.  *Simmons*, 516 F.3d at 451.

Lastly, Petitioner argues that he was "entrapped into an illusional plea and bound by

silence due to threat against him in court."  Petition at 58.

To be valid, a guilty plea must be voluntarily and intelligently made.  *Brady v. U.S.*, 397

U.S. 742, 748-49 (1970).  The plea must be made "with sufficient awareness of the relevant

circumstances and likely consequences."  *Id.* at 748.  The voluntariness of a plea "can be

determined only by considering all of the relevant circumstances surrounding it."  *Id.* at 749.  A

"plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in

a constitutional sense, and the mere fact that the defendant "did not correctly assess every

relevant factor entering into his decision" does not mean that the decision was not intelligent.  *Id.*

at 755, 757.  "[T]he decision whether or not to plead guilty ultimately rests with the client."

*Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

The Sixth Circuit has stated that in cases challenging the voluntariness of a plea

agreement a petitioner is bound by his in-court statements regarding his understanding of the

plea:

> If we were to rely on [petitioner's] alleged subjective impression rather than the
> record, we would be rendering the plea colloquy process meaningless, for any
> convict who alleges that he believed the plea bargain was different from that
> outlined in the record could withdraw his plea, despite his own statements during
> the plea colloquy (which he now argues were untruthful) indicating the opposite.
> This we will not do, for the plea colloquy process exists in part to prevent
> petitioners . . . from making the precise claim that is today before us.  "[W]here
> the court has scrupulously followed the required procedure, the defendant is
> bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 564 (6th Cir. 1999) (*quoting Baker v. United States*, 781 F.2d

6

85, 90 (6th Cir. 1986)).

During the plea colloquy, Petitioner stated that no one coerced or pressured him into accepting the plea. He stated that his plea was not based upon any promises or statements not placed on the record. He was advised that the only sentencing agreement reached was that the trial court judge would sentence him within the sentencing guidelines. Petitioner is "bound by his statements" during the plea colloquy. *Ramos*, 170 F.3d at 564 (internal quotation omitted). The trial court found that Petitioner understood the nature and consequences of his guilty plea and entered the plea knowingly and voluntarily and accepted the plea.

The Court finds that the trial court's conclusion that the plea was voluntarily entered was not contrary to or an unreasonable application of Supreme Court precedent. Petitioner was given ample opportunity at the plea hearing to inform the trial court judge that the statements placed on the record did not encompass the entire plea agreement. Further, Petitioner indicated that his plea was not coerced. The consequences of the plea were explained to him and he indicated he understood those consequences. Thus, the Court denies habeas relief on this claim.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or it may wait until a notice of appeal is filed to make such a determination. *Castro v. United States,* 310 F.3d 900, 903 (6th Cir. 2002). In deciding to deny the habeas petition, the Court has carefully reviewed the case record and the relevant law, and concludes that it is presently best able to decide whether to issue a COA. *See id.* at 901-02 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue

7

the COA.) (*quoting, Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997)).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotation omitted). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not present any claims upon which habeas relief may be granted. Therefore, the Court will deny a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that this matter is reopened and Respondent's Motion to Dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: January 20, 2009

8

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 20, 2009.

S/Denise Goodine
Case Manager